IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| QUENTIN OCTAVIUS SMITH, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| DONNA STRIBLINGS, | : | CIVIL ACTION NO. |
| Assistant District Attorney, | : | 1:13-CV-3066-WSD-JFK |
| et al., | : | |
|     Defendants. | : | |

**UNITED STATES MAGISTRATE JUDGE'S ORDER AND
FINAL REPORT AND RECOMMENDATION**

Plaintiff, Quentin Octavius Smith, confined in the Georgia Regional Hospital in Decatur, Georgia, has submitted a *pro se* civil rights complaint. For the purpose of dismissal, Plaintiff is **GRANTED** *in forma pauperis* status,[1] and the matter is before the Court on the complaint, (Doc. 1), for screening under 28 U.S.C. § 1915A.

**I.      28 U.S.C. § 1915A Standard**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim

---

[1]Plaintiff indicates that he is confined in the Georgia Regional Hospital for competency evaluations while he awaits trial and states that he has no prisoner account at the hospital. (Doc. 1 ¶ V).

AO 72A
(Rev.8/82)

on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  A claim is frivolous when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)) (internal quotation marks omitted).  To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  "Plaintiffs must plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" Resnick v. AvMed, Inc., 693 F.3d 1317, 1324-25 (11th Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level," and "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Bell Atl. Corp., 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff.  See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations).  Further, the court holds *pro se* pleadings to a less

2

stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). "Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. . . . Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action[.]" GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010).

## II.   Discussion

Plaintiff brings this action against Candice Williams, a Walmart Cashier; Donna Striblings, DeKalb County Assistant District Attorney; the State of Georgia; and the DeKalb County Jail. (Doc. 1 at 1 and ¶ III). Plaintiff alleges the following. (Id. ¶ IV). Striblings is the Assistant District Attorney in his case, in which all of his constitutional rights have been violated. Plaintiff has missed a court date, and his license was suspended. Williams is attempting to prosecute Plaintiff based on a time when he was in an unstable mental state. The State of Georgia has told him that he answers to the State while he is locked up. No aliases have been given to Plaintiff. The DeKalb County jail is liable for Plaintiff having had altercations and receiving

3

probation as a result of the charges against him. (Id. ¶ IV). Plaintiff seeks to be discharged. (Id. ¶ V).

Plaintiff fails to state a claim against Williams. To succeed on civil rights claim against a private party, the private party must qualify as a state actor – "§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003) (internal quotation marks omitted) (quoting American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999)). "[T]he mere act of reporting a suspected crime to the police is insufficient to establish state action for purposes of a false arrest claim under § 1983." Martinez v. Ashtin Leasing, Inc., 417 F. App'x 883, 885 (11th Cir. 2011). Absent allegations showing a conspiracy between a private party and a state official to violate a person's rights, actions such as filing a police report or a criminal complaint do not transform a private party into a state actor. Artubel v. Colonial Bank Grp., Inc., No. 8:08-cv-179-T-23MAP, 2008 WL 3411785, at *14 (M.D. Fla. August 8, 2008). Plaintiff's brief assertion that Williams is attempting to prosecute him based on a time when he was mentally unstable is insufficient to find that Williams, a Walmart cashier, conspired with a state official or otherwise took any action that qualifies her as a state actor.

AO 72A
(Rev.8/82)

Plaintiff also fails to state a claim against the remaining Defendants. Plaintiff's allegations indicate no action or inaction by Striblings that involved a constitutional violation. Further, prosecutors are protected by absolute immunity from damage claims when performing as an advocate for the government, and equitable relief is unavailable against prosecutors when there are adequate remedies at law (such as the ability to appeal and/or seek mandamus relief). See Bolin v. Story, 225 F.3d 1234, 1242-43 (11th Cir. 2000). The legal capacity to be sued is determined according to state law, and, based on Georgia law, the undersigned finds no basis for allowing Plaintiff to sue the DeKalb County Jail. See Brannon v. Thomas Cnty. Jail, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) (noting that "County Jail is not an entity capable of being sued under Georgia law"); Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit). Finally, Plaintiff's allegation that he has been told that he answers to the state while locked up fails to show the violation of a constitutional right. Moreover, the Eleventh Amendment bars a § 1983 federal action against the State of Georgia. See Williams v. Bd. of Regents of Univ. Sys. of Ga., 477 F.3d 1282, 1301-02 (11th Cir. 2007) (holding that Eleventh Amendment barred suit against the University of Georgia

5

and the Board of Regents, state entities); <u>Robinson v. Ga. Dep't of Transp.</u>, 966 F.2d 637, 640 (11th Cir. 1992) ("Congress, in passing § 1983, did not intend to override the immunity guaranteed to the states by the Eleventh Amendment."). Plaintiff fails to state a claim, and this action must be dismissed.

### III.  Conclusion

**IT IS ORDERED** that, for the purpose of dismissal, Plaintiff is **GRANTED** *in forma pauperis* status.

**IT IS RECOMMENDED** that, pursuant to 28 U.S.C. § 1915A, this action be **DISMISSED** for failure to state a claim.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO DIRECTED and RECOMMENDED** this 3rd day of October, 2013.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)