IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

QUENTIN OCTAVIUS SMITH,
    Plaintiff,

v.

DONNA STRIBLINGS,
  Assistant District Attorney, et al.,

    Defendants.

1:13-cv-3066-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation ("R&R") [3] recommending that Plaintiff Quentin Octavius Smith's prisoner civil rights complaint be dismissed pursuant to 28 U.S.C. § 1915A.

**I.   BACKGROUND**[1]

On September 12, 2013, Plaintiff Quentin Octavius Smith ("Plaintiff"), then in custody at the Georgia Regional Hospital, filed this *pro se* action asserting

---

[1] The facts are taken from the R&R and the record. The parties have not objected to any facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts them. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

claims under 42 U.S.C. § 1983 for the alleged deprivation of his prisoner civil rights.

Plaintiff brings this action against Donna Striblings, DeKalb County Assistant District Attorney ("Striblings"); Candice Williams, a Walmart cashier ("Williams"); the State of Georgia ("State"); and the DeKalb County Jail.  In his Complaint [1], Plaintiff alleges that Striblings violated "every one" of his constitutional rights; that Williams, a private party, attempted to prosecute Plaintiff at a time he was in an unstable and delusional mental state; that the State told him that while locked up he had to "answer to them"; and that the DeKalb County Jail is liable for Plaintiff having been involved in altercations and having received probation as a result of the charges brought against him.[2]  Plaintiff seeks to be released from Georgia Regional Hospital.

On October 3, 2013, Magistrate Judge King issued her R&R recommending that the Complaint be dismissed pursuant to 28 U.S.C. § 1915A because (1) the Defendants in this action are not legal entities that may be sued, and (2) Plaintiff does not allege a plausible claim.

On October 11, 2013, Plaintiff submitted written objections [6] to the R&R,

---

[2] Plaintiff also asserts that he missed a court date and that his license was suspended.  It is not clear how this relates to the claims he seeks to assert.

none of which attack the dispositive findings in the R&R.[3]

## II.   DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. V 2011); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).  Because Plaintiff has not asserted

---

[3] Liberally construing Plaintiff's *pro se* objections, the Court finds that Plaintiff has not asserted any objections to the findings and recommendations of the Magistrate Judge.  See Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) ("It is critical that the objection be sufficiently specific and not a general objection to the report."); Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989) ("to challenge the findings and recommendations of the magistrate [judge], a party must . . . file . . . written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection"); Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court.").

cognizable objections to the R&R, the Court reviews the R&R for plain error.

    B.  <u>Analysis</u>

The Court is required to conduct an initial screening of a prisoner complaint to determine whether the action is frivolous.  28 U.S.C. § 1915A(a).  The Court must dismiss the Complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  <u>Id.</u> § 1915A(b)(1).  "A claim is frivolous if and only if it 'lacks an arguable basis either in law or in fact.'"  <u>Miller v. Donald</u>, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989)).  The standard for failure to state a claim under Section 1915A(b)(1) is the same that governs dismissals for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  <u>Cf.</u> <u>Wilkerson v. H&S, Inc.</u>, 366 F. App'x 49, 51 (11th Cir. 2010) (citing <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997)) (noting this rule in connection with similarly-worded 28 U.S.C. § 1915(e)(2)(B)).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 129 S. Ct. at 1949 (citing <u>Twombly</u>, 550

U.S. at 556). Mere "labels and conclusions" are insufficient. Twombly, 550 U.S. at 555.

When reviewing a complaint for frivolousness, a court must hold *pro se* pleadings to a less stringent standard than pleadings drafted by attorneys, and must construe *pro se* pleadings liberally. Miller, 541 F.3d at 1100.

The Supreme Court has held that when state prisoners bring a Section 1983 claim that either explicitly challenges their confinement or sentence or that, if successful, would necessarily imply the invalidity of their conviction or sentence, the complaint must be dismissed unless the prisoner can establish that the conviction or sentence has already been invalidated. See Heck v. Humphrey, 512 U.S. 477, 487 (1994). Prisoners may challenge their incarceration only by petitioning for a writ of habeas corpus under 28 U.S.C. § 2254. See id. at 480-81. If it is possible that the Section 1983 suit would not invalidate the underlying conviction, the suit is not barred. See Dyer v. Lee, 488 F.3d 876, 877 (11th Cir. 2007).

Plaintiff's Complaint, brought pursuant to Section 1983, is based on the alleged deprivation of his civil rights. Magistrate Judge King found that to succeed on a civil rights claim against Williams, a private party, Plaintiff must demonstrate that Williams qualifies as a state actor. Plaintiff's conclusory claim that Williams

5

is attempting to prosecute him based on a time when he was mentally unstable is insufficient to support that Williams conspired with a state official or otherwise took any action that qualifies her as a state actor.  "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Harvey, 949 F.2d at 1130.[4]  "[T]he mere act of [a private party] reporting a suspected crime to the police is insufficient to establish state action for purposes of a false arrest claim under § 1983." Martinez v. Ashtin Leasing, Inc., 417 F. App'x 883, 885 (11th Cir. 2011).  In the absence of any allegation that Williams conspired with one or more state officials to violate a Plaintiff's claimed rights, Williams is not a state actor.  Artubel v. Colonial Bank Grp., Inc., No. 8:08-cv-179-T-23MAP, 2008 WL 3411785, at *14 (M.D. Fla. Aug. 8, 2008).  The Court finds no plain error in the Magistrate Judge's finding that the claims against Williams are frivolous.

---

[4] Three tests are used to determine whether the actions of a private party should be attributed to the state: (1) the public function test, which "limits state action to instances where private actors are performing functions traditionally the exclusive prerogative of the state"; (2) the state compulsion test, which "limits state action to instances where the government has coerced or at least significantly encouraged" the challenged action; and (3) the nexus/joint action test, which applies when "the state has so far insinuated itself into a position of interdependence with the [private party] that it [i]s a joint participant in the enterprise." See Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003) (citations and internal quotations omitted).  Plaintiff does not allege any facts suggesting that any of the tests would apply in this action.

Magistrate Judge King also found that Plaintiff failed to state a claim against Striblings because prosecutors are protected by absolute immunity from damage claims when engaging in conduct in their capacity as representatives of the government and because equitable relief is unavailable against prosecutors where there are adequate remedies at law.  See Bolin v. Story, 225 F.3d 1324, 1242-43 (11th Cir. 2000).  The Court finds no plain error in this finding in the R&R.

Magistrate Judge King next found that Plaintiff failed to state a claim against the State because it enjoys sovereign immunity under the Eleventh Amendment. See Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (quoting Employees v. Missouri Public Health & Welfare Dep't, 411 U.S. 279, 280 (1973)) (stating that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state"); see also GeorgiaCarry.Org, Inc. v. Georgia, 687 F.3d 1244, 1254 (11th Cir. 2012) (quoting Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66 (1989)), cert. denied, _U.S. _, 33 S. Ct. 856 (2013) (stating "The State of Georgia…is not a 'person' subject to suit under § 1983").  The Court finds no plain error in this finding.

Magistrate Judge King further found that Plaintiff failed to state a claim against the DeKalb County Jail because, in Georgia, a facility, such as a jail, generally is not considered a legal entity amenable to suit.  See Dean v. Barber,

951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit); see also Brannon v. Thomas Cnty. Jail, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) (noting that "…County Jail is not an entity capable of being sued under Georgia law").  The Court finds no plain error in this finding.

In summary, the Magistrate Judge found that Defendants Williams, Striblings, the State, and DeKalb County Jail are not viable Defendants against which Plaintiff may assert his claim under Section 1983,[5] and the Court finds no plain error in this finding.

The factual allegations in the Complaint also are insufficient to state a plausible claim.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level").  Plaintiff asserts contradictory and conclusory factual allegations that are insufficient to state a claim.  Plaintiff alleges that he was "taken advantage of because he was locked up" and that he "had to answer" to the State

---

[5] Plaintiff does not name as defendants in this action the warden at the DeKalb County Jail, any guards employed at the DeKalb County Jail during Plaintiff's incarceration, or any medical professionals employed by the DeKalb County Jail or the State of Georgia.

during a time "he was under a delusion and [his] mental state [sic] was unstable."

Even if Plaintiff had brought his claim against viable defendants—which he has not—the conclusory factual allegations in Plaintiff's Complaint do not assert a plausible claim, and the Court finds no plain error in this finding. Based on all of the Magistrate Judge's findings in her R&R, she recommends that this action be dismissed under 28 U.S.C. § 1915A. The Court finds no plain error in the Magistrate Judge's recommendation that this action be dismissed.

### III.   CONCLUSION

Accordingly, and for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [3] is **ADOPTED** and this action is **DISMISSED**.

**SO ORDERED** this 12th day of June, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE